1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RODOLFO VILLALOBOS,

11          Petitioner,                       No. CIV S-10-1527 FCD EFB P

12          vs.

13   KATHLEEN  DICKENSON, Warden,

14          Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28

17   U.S.C. § 2254.  He challenges the California Board of Parole Hearings' 2009 finding that he was

18   unsuitable for parole, claiming that the Board's decision violated his federal right to due process.

19   *See* Dckt. No. 1.  Respondent moves to dismiss this action on the ground that petitioner failed to

20   exhaust his state judicial remedies.  Dckt. No. 10.  Petitioner opposes respondent's motion.

21   Dckt. No. 11.  For the reasons stated, the court recommends that the petition be dismissed.

22          California's parole scheme gives rise to a liberty interest in parole protected by the

23   federal due process clause.  *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL

24   197627, at *2 (Jan. 24, 2011).  In California, a prisoner is entitled to release on parole unless

25   there is "some evidence" of his or her current dangerousness.  *In re Lawrence*, 44 Cal.4th 1181,

26   1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002).  However, after

1

1   briefing on the instant motion to dismiss concluded, the United States Supreme Court held that

2   correct application of California's "some evidence" standard is not required by the federal Due

3   Process Clause. *Swarthout*, 2011 WL 197627, at \*2.  Rather, the inquiry on federal habeas is

4   whether the petitioner has received "fair procedures" for vindication of the liberty interest in

5   parole given by the state. *Id.*  In the context of a parole suitability hearing, a petitioner receives

6   adequate process when he/she is allowed an opportunity to be heard and  given a statement of the

7   reasons why parole was denied. *Id.* at \*\*2-3 (federal due process satisfied where petitioners

8   were "allowed to speak at their parole hearings and to contest the evidence against them, were

9   afforded access to their records in advance, and were notified as to the reasons why parole was

10  denied"); *see also  Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 16 (1979).

11       The record reflects that petitioner was given the opportunity to be heard at his 2009

12  parole suitability hearing and received a statement of the reasons why parole was denied. *See*

13  Pet. at 60-149.[1]  This is all that due process requires. *Swarthout*, 2011 WL 197627, at \*\*2-3.

14  Accordingly, petitioner's claim that the Board's decision violated his right to due process

15  because it was not supported by some evidence of petitioner's current dangerousness, should be

16  dismissed for failure to state a cognizable claim.  Further, there is no basis for concluding that a

17  tenable claim for relief could be pleaded if leave to amend were granted. *See James v. Giles*, 221

18  F.3d 1074, 1077-78 (9th Cir 2000) (pro se habeas litigants are entitled to a opportunity to amend

19  unless it clearly appears from the petition that the deficiency cannot be overcome); *Jarvis v.*

20  *Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed

21  without leave to amend unless it appears that no tenable claim for relief can be pleaded were

22  such leave granted).  In light of the above, the court also finds that respondent's motion to

23  dismiss should be denied as moot.

24  ////

25

26       [1]  For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

1       Accordingly, IT IS HEREBY RECOMMENDED that:

2       1.  Petitioner's application for writ of habeas corpus be dismissed without leave to amend

3 because petitioner has failed to state a cognizable claim;

4       2.  Respondent's September 17, 2010 motion to dismiss be denied as moot; and

5       3.  The Clerk be directed to close the case.

6       These findings and recommendations are submitted to the United States District Judge

7 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8 after being served with these findings and recommendations, any party may file written

9 objections with the court and serve a copy on all parties.  Such a document should be captioned

10 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

11 within the specified time may waive the right to appeal the District Court's order. *Turner v.*

12 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13 In his objections petitioner may address whether a certificate of appealability should issue in the

14 event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

15 Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

16 enters a final order adverse to the applicant).

17 Dated:  March 16, 2011.

18

19       EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26